JMH:CAS
F. #2022R00284

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DAVID SERUYA,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 1:22-cr-00165 (PKC)(RER)
(T. 26, U.S.C., § 7201; T. 18, U.S.C., §§ 2 and 3551 et seq.)

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Overview

        1.     From approximately 2014 to 2017, the defendant DAVID SERUYA, a resident of Brooklyn, New York, evaded federal income taxes on over $1.5 million of income, including income from Company 1, a New Jersey-based business providing home warranties, the identity of which is known to the Grand Jury, resulting in a federal tax loss of over $250,000.

II.   The IRS

        2.     Pursuant to Title 26 of the United States Code, every citizen and resident of the United States who received gross income in excess of the minimum filing amount established by law for a particular year was required to annually make and file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040") with the Internal Revenue Service ("IRS").

3. A Form 1099-C was an IRS form used to declare amounts of $600 or more that were forgiven or canceled by a lender or creditor, including the abandonment of secured property or a foreclosure.

4. Generally, the term "basis" in the context of IRS filings meant the amount of money one invested into a property, including stock in a company.

III. The Scheme

5. In or about and between July 2009 and March 2014, both dates being approximate and inclusive, SERUYA was a shareholder in Company 1.

6. On or about March 13, 2014, SERUYA entered into a Settlement Agreement and Stock Purchase Agreement (the "Buyout Agreement") with Company 1 to sell his stock and exit the company.

7. The Buyout Agreement provided that Company 1 would pay SERUYA a total of approximately $4,122,462, consisting of: (a) $2,122,462 in loans to be forgiven; (b) a $750,000 lump sum payment; and (c) a convertible promissory note in the amount of $1,250,000, payable pursuant to a specified schedule from April 2014 through March 2016.

8. In addition, during calendar years 2014, 2015 and 2016, multiple lenders cancelled SERUYA's mortgage debt related to the sale and foreclosure of multiple real estate properties that he owned.

A. The 2014 Tax Year

9. In calendar year 2014, SERUYA received a total of approximately $1,042,016.70 in checks from Company 1 (the "2014 Sale Proceeds").

10. At the time he received the 2014 Sale Proceeds, SERUYA had little or no basis in Company 1. Moreover, SERUYA did not contribute any additional capital to Company 1 in later years.

11. In calendar year 2014, four separate mortgage lenders issued approximately nine Form 1099-C "Cancellation of Debt" notices to SERUYA reflecting the cancellation of a total of approximately $730,501 of mortgage debt he owed.

12. SERUYA hired a tax preparer to prepare his return for Tax Year 2014, and he provided the preparer with false and incomplete information regarding his income.

13. On or about October 14, 2015, SERUYA signed, filed, authorized the transmission of and caused to be filed with the IRS a Form 1040 for tax year 2014 (the "2014 Return"). The 2014 Return reported proceeds from Company 1 in the amount of $942,017 offset by a claimed basis of $694,671 for a total gain of $247,346. The 2014 Return did not report any cancellation of indebtedness, including SERUYA's cancelled mortgage debt.

B. The 2015 Tax Year

14. In calendar year 2015, SERUYA received a total of approximately $625,000 in checks from Company 1 (the "2015 Sale Proceeds").

15. In calendar year 2015, two separate lenders issued two Form 1099-C "Cancellation of Debt" notices to SERUYA reflecting the cancellation of a total of approximately $296,694 of mortgage debt that he owed.

16. SERUYA hired a tax preparer to prepare his return for Tax Year 2015, and he provided the preparer with false and incomplete information regarding his income.

17. On or about October 14, 2016, SERUYA signed, filed, authorized the transmission of and caused to be filed with the IRS a Form 1040 for tax year 2015 (the "2015

Return"). The 2015 Return reported no proceeds from Company 1 and no gains. The 2015 Return did not report any cancellation of indebtedness, including SERUYA's cancelled mortgage debt.

C.  The 2016 Tax Year

18. In calendar year 2016, SERUYA received a total of approximately $260,416 in checks from Company 1 (the "2016 Sale Proceeds").

19. SERUYA hired a tax preparer to prepare his return for Tax Year 2016, and he provided the preparer with false and incomplete information regarding his income.

20. On or about October 12, 2017, SERUYA signed, filed, authorized the transmission of and caused to be filed with the IRS a Form 1040 for tax year 2016 (the "2016 Return"). The 2016 Return reported proceeds from Company 1 in the amount of $314,006 offset by a claimed basis of $231,557, for a total gain of approximately $82,449.

D.  The Total Loss

21. In total, SERUYA caused a federal tax loss of over $250,000.

## COUNT ONE
(Attempted Tax Evasion)

22. The allegations set forth in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

23. On or about and between January 1, 2014 and October 14, 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAVID SERUYA, together with others, did knowingly and willfully attempt to evade and defeat income tax due and owing by him and his spouse to the United States of America for the calendar year 2014 by: (a) preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040,

which was submitted to the IRS, and which falsely and fraudulently omitted income in the form of, among other things, capital gains from the sale of stock in Company 1; and (b) providing false and incomplete information regarding his income to his return preparer.

(Title 26, United States Code, Section 7201; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWO
(Attempted Tax Evasion)

24. The allegations set forth in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

25. On or about and between January 1, 2015 and October 14, 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAVID SERUYA, together with others, did knowingly and willfully attempt to evade and defeat income tax due and owing by him and his spouse to the United States of America for the calendar year 2015 by: (a) preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the IRS, and which falsely and fraudulently omitted income in the form of, among other things, capital gains from the sale of stock in Company 1; and (b) providing false and incomplete information regarding his income to his return preparer.

(Title 26, United States Code, Section 7201; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Attempted Tax Evasion)

26. The allegations set forth in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

27. On or about and between January 1, 2016 and October 12, 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAVID SERUYA, together with others, did knowingly and willfully attempt to evade and defeat income tax due and owing by him and his spouse to the United States of America for the calendar year 2016 by: (a) preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the IRS, and which falsely and fraudulently omitted income in the form of, among other things, capital gains from the sale of stock in Company 1; and (b) providing false and incomplete information regarding his income to his return preparer.

(Title 26, United States Code, Section 7201; Title 18, United States Code, Sections 2 and 3551 et seq.)

A TRUE BILL

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00284
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DAVID SERUYA,

Defendant.

# INDICTMENT

(T. 26, U.S.C., § 7201; T. 18, U.S.C., §§ 2 and 3551 *et* seq.)

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

_____

*Carolyn Silane, Special Assistant U.S. Attorney (973) 645-3979*