

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700         (973) 645-2700
Newark, New Jersey 07102

June 14, 2022

Robert J. DeGroot, Esq.
Law Offices of Robert J. DeGroot
60 Park Place, Suite 105
Newark, NJ 07102

Re: Plea Agreement with David Seruya

Dear Mr. DeGroot:

This letter sets forth the plea agreement between your client, DAVID SERUYA ("SERUYA"), and the United States Attorney for the District of New Jersey and the Department of Justice Tax Division ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division. This Office's offer to enter into this plea agreement will expire on June 30, 2022 if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from SERUYA to Counts One, Two, and Three of the Indictment (22 CR 165 (PKC)), charging him with tax evasion in connection with the filing of his tax returns for calendar years 2014, 2015, and 2016, in violation of 26 U.S.C. § 7201 (the "Indictment"), which will be transferred pursuant to Fed. R. Crim. P. 20 from the United States District Court for the Eastern District of New York to United States District Court for the District of New Jersey.

If SERUYA enters a guilty plea to Counts One, Two, and Three of the Indictment, is sentenced on those charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SERUYA for tax crimes relating to income SERUYA received from IVDV Associates, Inc. or the discharge of mortgage debt and omitted from his U.S. Individual Income Tax Returns for tax years 2010 through 2016, provided that: (1) SERUYA admits under oath at the time of his guilty plea to willfully

evading incomes taxes and filing materially false personal income tax returns for calendar years 2010, 2011, 2012, 2013, 2014, 2015, and 2016; and (2) this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c).

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SERUYA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SERUYA may be commenced against him, notwithstanding the expiration of the limitations period after SERUYA signs the agreement.

Sentencing

Each violation of 26 U.S.C. § 7201 to which SERUYA agrees to plead guilty carries a statutory maximum prison sentence of 5 years' imprisonment and a statutory maximum fine of $100,000. SERUYA may be subject to an alternative statutory maximum fine pursuant to 18 U.S.C. § 3571 equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon SERUYA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence SERUYA ultimately will receive.

Further, in addition to imposing any other penalty on SERUYA, the sentencing judge: (1) will order SERUYA to pay an assessment of $100 for each count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order SERUYA to pay restitution pursuant to 18 U.S.C.§ *et seq.*; (3) may order SERUYA to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require SERUYA to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should SERUYA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SERUYA may be sentenced to not more than 2 years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and

without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), SERUYA agrees to pay restitution in the amount of $1,165,304 to the Internal Revenue Service ("IRS"). The restitution amount is based upon the total tax loss due and owing for calendar years 2010 through 2016, and shall be paid according to a payment plan established by the Court. SERUYA understands and agrees that the amount of such full restitution will not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

SERUYA agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, SERUYA agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The IRS may use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). SERUYA does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor SERUYA's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

SERUYA is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. SERUYA understands and agrees that the plea agreement does not resolve the SERUYA's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from SERUYA relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise SERUYA's obligation to pay any remaining civil tax liability. SERUYA authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments. Furthermore, SERUYA agrees he will not contest the applicability of civil fraud penalties, if any, assessed by the IRS.

If full payment cannot be made immediately, SERUYA agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the

IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. SERUYA also agrees to provide the above-described information to the probation office. Further, SERUYA agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by SERUYA. With respect to disclosure of the criminal file to the IRS, SERUYA waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to SERUYA's tax returns and return information.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SERUYA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SERUYA's activities and relevant conduct with respect to this case.

## Stipulations

This Office and SERUYA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SERUYA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and SERUYA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

SERUYA understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SERUYA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SERUYA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. SERUYA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, SERUYA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Form 870 Waiver

Prior to the date of sentencing, SERUYA shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2010 through 2016; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, SERUYA agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by SERUYA. With respect to disclosure of the criminal file to the IRS, SERUYA waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to SERUYA's tax returns and return information.

Furthermore, SERUYA agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2010 through 2016 or for any other amounts paid in accordance with this agreement. SERUYA agrees that the

provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Department of Justice Tax Division and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SERUYA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against SERUYA.

No provision of this agreement shall preclude SERUYA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SERUYA received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between SERUYA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

/s/ *Carolyn Silane*
_____
By:   Carolyn Silane
      Assistant U.S. Attorney

APPROVED:

_____
JOSHUA L. HABER
Chief, Economic Crimes Unit

I have received this letter from my attorney, Robert DeGroot, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 6/23/2022
David Seruya

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 6/23/22
Robert DeGroot, Esq.

Plea Agreement with DAVID SERUYA

Schedule A

1. This Office and defendant DAVID SERUYA ("SERUYA") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and SERUYA nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence SERUYA within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and SERUYA further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3. The sentence for Counts One through Three of the Indictment is subject to the grouping rules set forth in U.S.S.G. §§ 3D1.1, 3D1.2, and 3D1.2.

4. The parties agree that the offenses charged in Counts One through Three of the Indictment are to be grouped together into a single group because the offense level is determined largely on the basis of the total amount of harm or loss. *See* U.S.S.G. § 3D1.2(d).

5. The parties further agree that the offense level applicable to the Group is the offense level corresponding to the aggregated quantity determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three. *See* U.S.S.G. § 3D1.3(b).

6. The parties further agree that the applicable Guideline for determining aggregated quantity is U.S.S.G. § 2T1.1, which directs the application of U.S.S.G. § 2T4.1. The parties further agree that the Base Offense Level is 20 because the total tax loss of $1,165,304 is more than $550,000, but less than $1,500,000. U.S.S.G. § 2T4.1(H).

7. As of the date of this letter, SERUYA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if SERUYA's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, SERUYA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SERUYA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the

following conditions are met: (a) SERUYA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that SERUYA's acceptance of responsibility has continued through the date of sentencing and SERUYA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) SERUYA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to SERUYA is 17 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. SERUYA knows that he has and, except as noted below in this paragraph or elsewhere in this agreement, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph. Moreover, the preceding paragraph does not apply to:

  a. Any proceeding to revoke the term of supervised release.

  b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

  c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling

circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).